Dear Mr. Frappier:
Your predecessor requested on behalf of the Division of Insurance an opinion of this office concerning the question whether the amendments of Senate Bill 219 of the 80th General Assembly, First Regular Session, require health services corporations organized under Chapter 354, RSMo, to make payment for chiropractic services administered to certificate or policyholders of such health services corporations. We believe that such payments are required.
The statement of facts accompanying the opinion request indicates that the Division of Insurance has received numerous complaints concerning the refusal of Blue Cross/Blue Shield to pay for chiropractic services. These complainants, including chiropractors, have assumed that S.B. 219, 80th General Assembly, requires said payment.
Section 375.936, RSMo 1978, states in part as follows:
 The following are hereby defined as `unfair methods of competition' and `unfair deceptive acts or practices' in the business of insurance;
* * *
(11) `Unfair discrimination'
* * *
 (b) Making or permitting any unfair discrimination between individuals of the same class and of essentially the same hazard in the amount of premium, policy fees, or rates charged for any policy or contract of accident or health insurance or in the benefits payable thereunder, or in any of the terms or conditions of such contract, or in any other manner whatever, including any unfair discrimination by not permitting the insured full freedom of choice in the selection of any duly licensed physician, surgeon, optometrist, chiropractor, dentist, pharmacist, pharmacy, or podiatrist; (Emphasis ours.)
Section 375.947, RSMo Supp. 1980, passed in 1979 in S.B. 219, 80th Gen. Assembly, says:
 Notwithstanding the provisions of section 354.015, RSMo, all health services corporations heretofore or hereafter organized under the provisions of chapter 354, RSMo, shall be subject to all duties, obligations, and penalties imposed by sections 375.930 to 375.948. For the purposes of sections 375.930 to 375.948 only, `business of insurance' or `insurance business' shall include any activity in connection with the establishment and operation of the business of a health services corporation as defined in subdivision (4) of section 354.010, RSMo.
In Op. No. 100, Winkelmann, March 30, 1970, it was held that a life insurance company violates § 375.936, RSMo, if it issues a policy which excludes benefits payable to chiropractors. Therein it was stated that clearly the legislature intended to apply the provisions of § 375.936, RSMo, to chiropractic services.
Clearly, the legislature intended to apply the provisions of § 375.947, RSMo Supp. 1980, to health services corporations organized under Chapter 354, RSMo. It is equally clear that the unfair practice provisions of § 375.936, RSMo, apply to these corporations. As in 1970, the legislative intent is clear. Health services corporations organized under Chapter 354, RSMo, cannot exclude the use of chiropractic services from their coverage.
This means, for example, that if an insurance or health services policy covers a certain illness or ailment which a chiropractor is licensed to treat that the insurance must pay for such treatment. To be specific, if treatment of an injury to the back which a chiropractor is legally authorized to treat is covered by the insurance policy, a chiropractor, as well as a medical doctor or doctor of osteopathy, is authorized to give such treatment and whichever one of those health professionals is chosen must be paid under the insurance policy. Only if ailments that can be treated by chiropractors are not covered by the policy then payment need not be made.
We conclude therefore that a health services corporation organized under Chapter 354, RSMo, is required under § 375.936, RSMo, to provide benefit payments for chiropractic services.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enc: Att'y Gen. Op. No. 100, Winkelmann, 3/30/70